IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,                               No. CIV S-11-2175-KJM-CMK-P

    Plaintiff,

  vs.                                              AMENDED FINDINGS AND RECOMMENDATIONS

M. DELONEY, et al.,

    Defendants.

                          /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 7), which the court recommends be denied.

        The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

1  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the
2  reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma
3  pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count
4  as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
6  court may conclude that it counts as a "strike."  See id. at n.12.

7        In this case, plaintiff has three or more "strikes."  As outlined in the court's order
8  in Harris v. Brooks, E. Dist. Cal. no. CIV-S-09-1818-DAD-P, at least the following three cases
9  were dismissed on the grounds that they were frivolous or failed to state a claim upon which
10 relief could be granted: (1) Harris v. Edmonds, no. CIV-F-5857-OWW-LJO; (2) Harris v.
11 Edmonds, no. CIV-F-00-7160-REC-SMS; and (3) Harris v. Pliler, no. CIV-S-01-1125-WBS-
12 DAD.  Because plaintiff has three or more "strikes," his motion for in forma pauperis status must
13 be denied.

14       When in forma pauperis status is denied or revoked under § 1915(g), the proper
15 course of action is to dismiss the action without prejudice to re-filing the action upon pre-
16 payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit
17 reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding
18 under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d
19 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than simply
20 providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the
21 plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the
22 Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded
23 that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"
24 provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant
25 an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated
26 that the appellant "may resume this appeal upon prepaying the filing fee."

1          This conclusion is consistent with the conclusions reached in at least three other circuits.  In <u>Dupree v. Palmer</u>, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal.  <u>See</u> 284 F.3d 1234 (11th Cir. 2002).  The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit."  <u>Id.</u> at 1236 (emphasis in original).  The Fifth and Sixth Circuits follow the same rule.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383 (5th Cir. 1996); <u>In re Alea</u>, 86 F.3d 378 (6th Cir. 2002).

          Based on the foregoing, the undersigned recommends that:

          1.    Plaintiff's motion for leave to proceed in forma pauperis (Doc. 7) be denied; and

          2.    This action be dismissed without prejudice.

          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  September 12, 2011

                                                  _____
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE